UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RANGEL,<br><br>            Plaintiff,<br><br>    v.<br><br>PAUL THOMPSON,<br><br>            Defendants. | Case No. 2:22-cv-00021-JDP (HC)<br><br>ORDER TRANSFERRING CASE TO THE McALLEN DIVISION OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS |

Plaintiff, a federal prisoner proceeding pro se, has filed a habeas petition. Therein, he alleges that he should be immediately released because his conviction is based on a faulty indictment. ECF No. 1 at 3-4. The indictment and conviction stem from proceedings in the McAllen Division of the United States District Court for the Southern District of Texas. *Id.* at 3. An attack on the validity of a conviction should be brought in the court of conviction. *See Hernandez v. Campbell*, 204 F.3d 861, 864-865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). Here, petitioner argues that he should be released because he was not charged in a timely indictment. ECF No. 1 at 1. That attack on the validity of his conviction should be brought in Texas.

Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper division of a court may, on the court's own motion, be transferred to the proper division of the court. Therefore, this action will be transferred to the McAllen Division of the United States District Court of the Southern District of Texas.

Good cause appearing, it is hereby ORDERED that this action is transferred to the United States District Court for the Southern District of Texas sitting in McAllen.

IT IS SO ORDERED.

Dated: May 21, 2022

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE